NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID CRAMER, | No. 16-15234 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00462-KJM-AC |
| v. | |
| CITY OF AUBURN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

David Cramer appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law claims in connection

with his arrest and prosecution for battery. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo a dismissal under *Heck v. Humphrey*, 512 U.S. 477

(1994). *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007). We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Cramer's claims alleging false arrest and imprisonment as *Heck*-barred because success on Cramer's claims would necessarily imply the invalidity of his conviction, and Cramer failed to show that his conviction had been invalidated. *See Heck*, 512 U.S. at 486-87 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding that *Heck* barred false arrest and false imprisonment claims under § 1983 until conviction was invalidated).

**AFFIRMED.**